UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15- 2064- Torres

UNITED STATES OF AMERICA

vs.

BRIAN KEITH WILLIAMS,

    Defendant.
_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes __x__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes __x__ No

    Respectfully submitted,

    WIFREDO A. FERRER
    UNITED STATES ATTORNEY

BY: _____
    Aileen M. Cannon
    ASSISTANT UNITED STATES ATTORNEY
    Florida Bar No. 0101484
    99 N. E. 4th Street
    Miami, Florida  33132-2111
    TEL (305) 961-9002
    FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| BRIAN KEITH WILLIAMS | ) | Case No. 15-2064-Torres |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __9/26/14 and 12/2/14__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Sections 922(g)(1) and 924(e) | did knowingly possess a firearm and ammunition having previously been convicted of a felony, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e) |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Patrick Gilley, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/26/2015

_____
*Judge's signature*

City and state: Miami, Florida

Hon. Edwin G. Torres, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Patrick Gilley, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives, being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter referred to as "ATF"), and have been so employed since September of 2013. I am assigned currently to the ATF Miami Group II Field Office in Miami, Florida.

2. As part of my duties as a Special Agent with ATF, I investigate federal firearms violations and have taken part in cases relating to the trafficking of firearms, the use and possession of firearms by persons prohibited by law, and the possession of illegal firearms.

3. This affidavit is made in support of the arrest of Brian Keith Williams (WILLIAMS) for knowingly possessing a firearm and ammunition on two separate dates (September 26, 2014, and December 2, 2014), having previously been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

4. The facts included in this affidavit are based on my own investigation as well as on information provided to me by others, including other law enforcement officials. This affidavit is submitted for the sole purpose of establishing probable cause in support of the arrest of WILLIAMS. Accordingly, the affidavit does not include all of the facts of this investigation.

5. On September 26, 2014, at approximately 1 p.m. in the afternoon, Florida City Police Officer Ken Armenteros was conducting routine patrol in his marked unit in the area of 521 NW 15th Street, Florida City, Florida—a high crime area known for drug trafficking. During this time, Officer Armenteros saw a group of males loitering next to a truck at this location. As the officer approached the group of males in his marked unit, WILLIAMS tossed what appeared to be a green bag of marijuana to the ground. Officer Armenteros stopped,

-1-

exited his marked unit, and identified the bag that WILLIAMS had tossed to the ground as containing marijuana. Officer Armenteros then ordered WILLIAMS to place his hands on a fence, informed him that he was under arrest, and then proceeded to conduct a search of WILLIAMS. In the process of doing so, Officer Armenteros found a loaded Glock 27 firearm (Serial Number: HEX443) inside WILLIAMS's waistband.

6. Officer Armenteros called for emergency backup, and once other officers arrived, secured the firearm and handcuffed WILLIAMS.

7. While in the police car *en route* to the station, WILLIAMS stated spontaneously to Officer Armenteros: "Bro, I got the gun for protection."

8. Once at the station, WILLIAMS was advised of his *Miranda* rights and agreed to speak to law enforcement without an attorney present. In a taped statement, WILLIAMS admitted, among other things, to possessing a Glock 27 that day, September 26, 2014, and to obtaining that firearm from someone off the street.

9. He was arrested and transported to TGK correctional facility.

10. On December 2, 2014, a little over two months later, after WILLIAMS had posted bond on the September 26, 2014, offense (Case F14-021839), another Florida City Police Officer, Dwayne Ireland, saw WILLIAMS standing outside of a convenience store located at 513 West Lucy Street, Florida City, Florida. Officer Ireland got out of his marked patrol car and attempted to make contact with WILLIAMS. From a short distance, Officer Ireland saw an object in WILLIAMS's pants' pocket in the shape of what appeared to be a firearm. WILLIAMS started to walk away from Officer Ireland and then ducked behind another vehicle. At that point, Officer Ireland heard what sounded like a metal-like object being tossed to the ground and saw WILLIAMS run away on foot. After WILLIAMS fled the scene, Officer

Ireland looked underneath the car behind which WILLIAMS had just ducked and saw a loaded silver and black Jimenez Arms 9mm firearm (Serial Number: 011818) located underneath the vehicle.

11. After WILLIAMS fled from police on December 2, 2014, WILLIAMS was not located by law enforcement until January 24, 2015. That day, he was transported into ATF custody and booked on the instant federal weapons violation.

12. Once at the ATF field office, WILLIAMS was advised of his *Miranda* rights and agreed to speak to law enforcement without an attorney present regarding both the September 26, 2014, and December 2, 2014, incidents. In a recorded statement, WILLIAMS admitted, among other things, to possessing firearms on both dates even though he knew he was a felon and was not allowed to possess guns.

13. Both of the firearms possessed by WILLIAMS—the Glock 27 firearm on September 26, 2014, offense, and the Jimenez Arms 9 mm firearm on December 2, 2014, offense—were manufactured outside the state of Florida.

14. In addition, prior to September 26, 2014, WILLIAMS had been convicted of at least one offense punishable by more than one year in prison and was prohibited from possessing a firearm or ammunition.

15. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that on September 26, 2014, and December 2, 2014, WILLIAMS knowingly possessed a firearm and ammunition having been previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).


Patrick Gilley
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives


SWORN AND SUBSCRIBED before me this 26th day of January 2015 in Miami, Florida


EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

-4-